{¶ 16} I respectfully dissent.
 {¶ 17} I would find that Hairston failed to establish that the Chicago Deli breached its duty. There is no evidence that the Chicago Deli knew of, or should have known of, any defect in or any dangerous condition involving the chair. Hairston produced no concrete evidence of any previous incidents or problems with chairs at the restaurant. Without notice of any previous complaints or incidents, the Chicago Deli cannot be said to have breached any duty of care owed to her as an invitee. See Cochranv. Ohio Auto Club (Oct. 3, 1996), Marion App. No. 9-96-33. Furthermore, Hairston failed to provide any evidence demonstrating that a defect would have been discovered through the exercise of ordinary care.
 {¶ 18} The owner of the Chicago Deli averred that his restaurant employees inspected the chairs every night and were instructed to remove from the dining area any chair which needed repair. Hairston testified that she observed nothing unusual about the chair when she sat down. She had been sitting in the chair for a considerable period of time before the chair collapsed and, according to the server, had gotten up to look at a display case before returning to sit down. The chair collapsed when she sat down again. And, although Hairston and her companion thought the chair was missing the front horizontal rung, the photos of the chair were taken after the incident and after the chair had been moved to the back room. There is no evidence to show that the chair was missing its front horizontal rung when it collapsed or how long the piece may have been missing.
 {¶ 19} Accordingly, I would find the Chicago Deli not liable because there is no evidence that it had any superior knowledge of a latent defect that Hairston needed to be protected against or warned about. Therefore, I would affirm the court's granting summary judgment for the Chicago Deli.